558 F.2d 1050
 DRYS SHIPPING CORPORATION, Plaintiff-Appellee,
v.
FREIGHTS, SUB-FREIGHTS, CHARTER HIRE and/or Sub-Charter Hire
of the M.S. Drys, and A/S Falkefjell and A/S
Dovrefjell, Defendants-Appellants,
and
Atlantic and Great Lakes Steamship Corporation, Garnishee-Appellee.
 No. 1052, Docket 77-7100.
 United States Court of Appeals,
Second Circuit.
 Argued March 30, 1977.
Decided June 20, 1977.
 
 Donald J. Kennedy, New York City (Haight, Gardner, Poor & Havens, New York City, of counsel), for defendants-appellants.
 David A. Nourse, New York City (Armand Maurice Pare, Jr., Kirlin, Campbell & Keating, New York City, of counsel), for plaintiff-appellee.
 Before LUMBARD, MANSFIELD and GURFEIN, Circuit Judges.
 MANSFIELD, Circuit Judge:
 
 
 1
 In this action for damages by Drys Shipping Corporation ("Owner"), owner of the vessel "M.S. Drys," against its charterers, A/S Falkefjell and A/S Dovrefjell ("Charterers"), the latter appeal from an order of the Southern District of New York, Gerard L. Goettel, Judge, denying their motion to vacate an in rem attachment by the Owner of the freights due the Charterers under their subcharter of the ship and to dismiss the action. The appeal is dismissed for lack of jurisdiction.
 
 
 2
 On August 22, 1972, the parties entered into a contract for charter of the vessel for five years. Clause 17 of the agreement provided for arbitration of any dispute between the parties and was amended to show London as the place of arbitration. Clause 18 provided that the Owner "shall have a lien upon all cargoes, and all sub freights for any amounts due under this Charter."
 
 
 3
 On January 6, 1977, the Owner commenced this action in the Southern District of New York by filing a complaint alleging that the Charterers were liable for $798,686.75 in lost hire and repair costs resulting from damage to the cargo spaces of the vessel while loading and discharging the Charterers' cargoes and by attaching $121,701.57 owed to the Charterers by Atlantic and Great Lakes Steamship Corporation under a contract of subcharter.
 
 
 4
 Prior to answering, appellants moved to vacate the attachments on the grounds (1) that admiralty jurisdiction under 9 U.S.C. § 8 was precluded by an ongoing arbitration between the parties, (2) that a Supplemental Agreement entered into by the parties on July 2, 1976, affirming their "irrevocable intention" to arbitrate the dispute underlying this complaint, precluded resort to the district court, and (3) that the charter agreement did not provide for a lien under these circumstances. In addition, Charterers claimed that under Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the parties' choice of a foreign arbitral forum precluded the district court from assuming jurisdiction and that the Convention on the Recognition and Enforcement of Foreign Arbitration Awards, Title 9, Chap. 2, U.S.C. prohibited use of provisional remedies in the district court.
 
 
 5
 Finding the issue a "close one," Judge Goettel denied the motion to vacate the attachment on February 15, 1977.[1] He reasoned that a contract to arbitrate "does not necessarily strip the plaintiff of his ability to seek traditional maritime provisional remedies" and that the amount attached by the Owners was "neither excessive nor improper" in relation to the total damages claimed. He also refused to find on the record before him that the Supplemental Agreement was intended to preclude resort to the district court. The motion was denied without prejudice to renewal upon affidavits or other evidence as to the contractual intent of the parties in making the Supplemental Agreement.
 
 
 6
 The Charterers appeal from this order. The Owner has moved to dismiss the appeal for lack of appellate jurisdiction.
 
 DISCUSSION
 
 7
 In a long and distinguished line of authority it has been settled that an order denying a motion to vacate an attachment, not being a final order within the meaning of 28 U.S.C. § 1291, is not appealable. Cushing v. Laird, 107 U.S. 69, 2 S.Ct. 196, 27 L.Ed. 391 (1883); West v. Zurhorst, 425 F.2d 919, 921 (2d Cir. 1970); Flegenheimer v. General Mills, 191 F.2d 237, 239-40 (2d Cir. 1951) (L. Hand, J.); Financial Services v. Ferrandina, 474 F.2d 743 (2d Cir. 1973); Rosenfeldt v. Comprehensive Accounting Services Corp., 514 F.2d 607 (7th Cir. 1975) (Stevens, J.); McCreary Tire and Rubber Co. v. CEAT, 501 F.2d 1032, 1034 (3d Cir. 1974). While it is true that in Swift v. Compania Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950), the Supreme Court, applying the collateral order doctrine of Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), held that an order vacating a maritime attachment was immediately appealable for the reason that a later review "would be an empty rite after the vessel had been released and the restoration of the attachment only theoretically possible," Mr. Justice Frankfurter was careful to point out that "The situation is quite different where an attachment is upheld pending determination of the principal claim. . . . In such a situation the rights of all the parties can be adequately protected while the litigation on the main claim proceeds."[2]
 
 
 8
 Appellants seek to distinguish this line of authority on the grounds that any further proceeding in the district court will be limited to the "ministerial" function of enforcing any arbitration award that might be obtained by the plaintiffs against the attached monies or vacating the award if appellants prevail before the arbitrators. The Charterers accordingly argue that the district court's order should be treated as final under § 1291 and as appealable under the Cohen doctrine.
 
 
 9
 We find the attempted distinction unpersuasive. It would only serve, without any redeeming features (equitable or otherwise), to create uncertainty regarding a firm rule based on the fundamental principle that appeals may not be taken from interlocutory orders. Further exceptions might devour the rule itself. Moreover, our reluctance is particularly justified here, where there is a substantial possibility that the district court will be called upon to play more than a ministerial role in further proceedings. First, there has not yet been a demand by either the Owner or the Charterers to refer the claims in this suit to arbitration, nor has there been a request for a stay of the suit pending arbitration. Although the parties are engaged in arbitration proceedings regarding a different dispute, appellants admitted at oral argument that they were uncertain whether the dispute with which this suit is concerned has been formally submitted to arbitration. Thus, upon the defendants' answer or at some other juncture, the district court may be called upon to interpret the arbitration agreements in this case and issue appropriate orders.
 
 
 10
 Second, the opinion of the district court was never intended to be final with respect to the motion to vacate, but left open the opportunity for a renewal of the motion by the Charterers based upon evidence of contractual intent obtained during discovery proceedings relating to the dispute. In addition, if the Charterers' fear that the Owner will seek attachments which are excessive in relation to its claims in other jurisdictions is realized, the district court's decision does not foreclose the opportunity for them to seek an injunction or vacation of the attachment. Finally, upon an award by the arbitrators, the district court may be called upon by either party to review the arbitration proceeding on the limited grounds set forth in Article V of the Convention for the Recognition and Enforcement of Foreign Arbitration Awards.
 
 
 11
 Since the district court's decision here on appeal may be modified and other issues may be presented for its decision in the future, our review now would violate the basic principle of appealability, which requires finality in order to avoid piecemeal review of issues presented in a single case. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940).
 
 
 12
 Appellants also fail to meet the Cohen requirement of showing that upon review of the district court's final judgment "it will be too late effectively to review the present order" and the rights asserted by appellant "will have been lost, probably irreparably." 337 U.S. at 546, 69 S.Ct. at 1225. Should arbitration be ordered and the defendants prevail, they will be entitled to vacate the attachment and recover accrued interest or costs, see note 2, supra, rendering review at this stage unnecessary and wasteful. If the Owner prevails, the Charterers will still have the opportunity to contest the validity of the attachment upon appellate review of the entire case, seeking the accrued interest or premiums paid to a surety, which would compensate them for the lost use of the funds during the period of the attachment. Compare Local 771 v. RKO General Corp., 546 F.2d 1107 (2d Cir. 1977); United States v. Beckerman, 516 F.2d 905 (2d Cir. 1975). But even if, as a practical matter, such review would not be sought or would not be obtainable after a final decree, that fact does not entitle the Charterers to an immediate appeal. Weight Watchers of Phila. v. Weight Watchers International, 455 F.2d 770, 774 (2d Cir. 1972); Flegenheimer v. General Mills, supra.
 
 
 13
 Appellants' contention that the district court's order is appealable under 28 U.S.C. § 1292, as a denial of an injunction against further attachments of their assets, is precluded by our recent decision in Tradax Limited, et al. v. M. V. Holendrecht, 550 F.2d 1337 (2d Cir. 1977), holding that Congress has not extended appealability to admiralty orders of an equitable nature by legislatively overruling the antiquated distinctions drawn by the Supreme Court in Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989 (1935).
 
 
 14
 The appeal is dismissed.
 
 
 
 [1]
 Another case in the Southern District of New York has since rejected similar claims on the merits. Andros Compania Maritima S.A. v. Andre and Cie, S.A., 430 F.Supp. 88 (1977)
 
 
 [2]
 Defendant has available several methods of insuring that an attachment of a vessel or other res will not severely prejudice him during the pendency of the action, including the substitution of cash, securities, bonds, or other items for the res, and it may recover the interest accrued or reasonable premiums paid to a surety upon a judgment on the merits. See Theofano Maritime Co. v. 9.551.19 Long Tons, etc., 122 F.Supp. 853, 857 (D.Md.1954); Keystone v. S. S. Monfiore, 409 F.2d 1345 (5th Cir. 1969)