438

MISR INSURANCE COMPANY and The
General Organisation For Supply
Goods, Plaintiffs,

v.

The M/V HAR SINAI, her engines, boil-
ers, tackle, etc. and El-Yam Bulk Carri-
ers (1967) Limited, Defendants-Third
Party Plaintiffs,

v.

M/V EVANTHIA K., her engines, boilers,
tackle, etc. and Alexandra K. Shipping
Co., S. A., Third Party Defendants.

No. 76 Civ. 2901.

United States District Court,
S. D. New York.

Nov. 2, 1978.

Bigham, Englar, Jones & Houston, New
York City, for plaintiffs.

Burke & Parsons, New York City, Louis
P. Sheinbaum, New York City, for defend-
ants-third party plaintiffs.

Poles, Tublin, Patestides & Stratakis,
New York City, Max Taylor, New York
City, for third party defendants.

OPINION

SWEET, District Judge.

The motions before this court arise out of
an action instituted by the owners of cargo
that was damaged when the Israeli flag
ship, the M/V Har Sinai, and the Panama-
nian coastal ship, the M/V Evanthia K.,
collided on the high seas. The collision
from which this action arises occurred on
March 8, 1976, off the southern coast of
Crete. As a result of that collision El Yam
Bulk Carriers Ltd., the owner of the Har
Sinai, alleges that it sustained $50,000 in
damages to its ship. Alexandra K. Ship-

ping Co., the owner of the Evanthia K., alleges that as a result of the collision its ship was eventually declared a total loss, and it sustained $280,000 in damages. Whether the damage to plaintiffs' cargo was caused by the negligence of either the Har Sinai or the Evanthia K. is an issue reserved for trial.

On June 30, 1976, plaintiffs instituted this action against both El Yam Bulk Carriers, and the M/V Har Sinai by the filing of their complaint. On November 11, 1976, defendant El Yam filed both its answer to plaintiffs' complaint and a third party complaint impleading Alexandra K. Shipping Co. and the M/V Evanthia K. alleging that any damages to plaintiffs' cargo which resulted from the collision was caused by the negligent navigation of the Evanthia K. and was in no way caused by the acts of the Har Sinai. Third party defendant Alexandra K. Shipping Co. filed an answer to the third party complaint on March 3, 1977.

Prior to the commencement of this action a series of letters were exchanged between all of the parties presently involved concerning the topic of security, and on July 2, 1976, pursuant to a request by Alexandra K., a $350,000 bond was issued by defendant El Yam in favor of third party defendant Alexandra K. to secure the loss of the Evanthia K. Similarly, on July 21, 1976, El Yam furnished a $350,000 bond in favor of plaintiffs to cover their claim for cargo damage. And finally, on October 8, 1976, a $40,000 bond was posted by Alexandra K. to secure the physical damages sustained by the Har Sinai as a result of the collision. No bond has been posted by Alexandra K. to cover any damages to plaintiffs' cargo. Thus, as of this date, defendant and third party defendant have secured each others ship damage claims and, additionally, defendant has secured plaintiffs' claim for cargo loss.

By its motion, defendant El Yam seeks leave of this court to amend the *ad damnum,* or "Wherefore", clause of the third party complaint to include in its claim any damages recovered by plaintiffs from defendant for which the third party defend-ant may be liable, and to include, pursuant to Fed.R.Civ.P. 14(c), a claim that the plaintiffs have judgment directly against the third party defendant. Additionally, defendant-third party plaintiff El Yam moves this court for an order directing third party defendant and its underwriters to post bond to secure payment of any cargo damage recovered by plaintiffs against defendant for which the third party defendant is liable, and to stay all proceedings until third party defendant has furnished such security. Fed.R.Civ.P. E(7), Supplemental Rules for Certain Admiralty & Maritime Claims, 28 U.S.C.A. (1970).

When a motion seeks leave of the court to amend a pleading, such leave should be "freely given when justice so requires." Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). As the courts and commentators have noted, this is especially true when the amendment merely seeks to increase the amount of damages claimed. *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery,* 72 F.R.D. 556 (S.D.N.Y. 1976). In collision cases, on the high seas, where cargo is damaged, the cargo owner may recover such damages from the non-carrying ship. *United States v. Farr Sugar Corp.,* 191 F.2d 370, 376 (2d Cir. 1951). In such cases, the amounts recovered by the cargo owners will become part of the non-carrying ship's damages in a claim against the carrier. *Id.* Therefore, insofar as El Yam seeks leave of this court to amend the *ad damnum* clause of the third party complaint to include in its claim any amounts recovered by the plaintiffs from the defendant for which the third party defendant may be liable, it seeks to increase its claim for damages. Consequently, and because this court finds that no prejudice will attach to such amendment, defendant's motion to this extent is granted.

El Yam also seeks leave of this court to amend the *ad damnum* clause to include a claim that the plaintiffs have judgment directly against the third party defendant, pursuant to Fed.R.Civ.P. 14(c). Finding as this court does that no prejudice or delay

will accrue to any of the parties by virtue of the amendment sought, defendant's motion is granted. It is noted that the effect of this amendment will be to view the instant action as if plaintiff had originally sued both defendant and third party defendant. As such, third party defendant is now required to answer plaintiffs' complaint in the manner provided in Fed.R. Civ.P. 12. *See Tri-State Oil Tool Indus., Inc. v. Delta Marine Drill Co.,* 410 F.2d 178, 186 (5th Cir. 1969).

Defendant's unopposed oral motion in open court, requesting leave to amend its answer to plaintiffs' complaint to include the allegations of third party defendant that the trimming and loading was done by the plaintiff, was at that time granted.

■ Defendant's final motion concerns the posting of a bond by third party defendant to secure defendant's contingent liability to plaintiffs. Defendant's request, raised pursuant to Fed.R.Civ.P. E(7), Supplemental Rules for Certain Admiralty & Maritime Claims, presents a question of first impression in this district. Supplemental Rule E(7) reads:

> (7) Security on Counterclaim. Whenever there is asserted a counterclaim arising out of the same transaction or occurrence with respect to which the action was originally filed, *and the defendant or claimant in the original action has given security to respond in damages, any plaintiff for whose benefit such security has been given shall give security in the usual amount and form to respond in damages to the claims set forth in such counterclaim,* unless the court, for cause shown, shall otherwise direct; and proceedings on the original claim shall be stayed until such security is given, unless the court otherwise directs. When the United States or a corporate instrumentality thereof as defendant is relieved by law of the requirement of giving security to respond in damages it shall nevertheless be treated for the purposes of this subdivision E(7) as if it had given such security if a private person so situated would have been required to give it. (emphasis added)

Rule E(7), thus, will allow a defendant, who has raised a counter-claim, and who has already posted bond to secure plaintiff's claim, to compel that plaintiff to post bond to secure the defendant's counter-claims. Conversely, the facts in this case indicate that third party plaintiff, which has posted bond to secure third party defendant's counter-claim for ship damages, seeks to compel third party defendant, which has posted bond to secure third party plaintiff's claim for ship damages, to post bond to secure third party plaintiff's indeterminate contingent liability on plaintiff's claim. Thus this court must decide, first, whether Rule E(7) may be applied to the facts in this case, and second, if so, whether application of that Rule mandates that third party defendant post the requested bond.

This court finds that Rule E(7) is inapplicable to the instant facts. Rule E(7) is intended to cover the situation where the defendant, counter-claimant, who has posted bond on the original claim, desires to compel the "plaintiff for whose benefit such security has been given" to secure the damages alleged in the counter-claim. In this case, however, defendant-third party plaintiff, standing in the shoes of a plaintiff, seeks to compel the third party defendant, standing in the shoes of a defendant, to post bond to secure the third party plaintiff's claim against that third party defendant. Rule E(7) was only intended to cover the situation in which the defendant, Alexandra K. here, posts security first and then seeks security from the plaintiff, El Yam here, on its counterclaim. It was not intended to force a defendant to post security in response to a posting of such by the plaintiff. In essence, this is what El Yam seeks here.

As authority for its position, El Yam cites the case of *Partenreederei Wallschiff v. The Pioneer,* 120 F.Supp. 525 (E.D.Mich.1954), wherein the court stated that the spirit of "Rule 50 (the predecessor of Rule E(7)) would not be violated by allowing cross-security to libelant, although the rule specifically refers to a cross-libelant rather than a

libelant, as the one who can demand it." *Id.* at 530. This court is not persuaded by defendant's authority. The issue in that case was whether an attached ship could be released without the requisite filing of a bond or stipulation for value. Thus, the language quoted is dictum and, as such, not controlling. Neither is this court persuaded by defendant's argument that equitable principles mandate that third party defendant be compelled to post the requested bond. Therefore, to the extent that defendant's motion seeks to compel third party defendant to post security, that motion is denied.

IT IS SO ORDERED: