WATSON CONSTRUCTION CO., a Minnesota Corporation, Watson Equipment Company, a Minnesota Corporation, Feed Mill Construction Company, a Minnesota Corporation, Fred O. Watson Company, a Minnesota Corporation, and Frederick O. Watson, Appellants,

v.

COMMERCIAL UNION INSURANCE COMPANY, a Massachusetts Corporation, and Reppel Steel & Supply Co., Inc., an Arizona Corporation, Appellees.

No. 78–1667.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1978.

Decided Nov. 16, 1978.

Robert A. Schwartzbauer of Dorsey, Windhors, Hannaford, Whitney & Halladay, Minneapolis, Minn., for appellants.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Commercial Union, as surety, issued a contractor's performance bond to Watson Construction Company, and Watson agreed to indemnify and hold Commercial Union harmless for any claims and judgments Commercial Union might sustain. A supplier for Watson's construction project, Reppel Steel & Supply Company, obtained a judgment against Watson and Commercial Union, jointly and severally. Commercial Union paid Reppel $1,139,000 to settle. Thereafter, Watson instituted the present suit against Reppel and Commercial Union, alleging *inter alia* that the indemnity agreement was null and void. Commercial Union counterclaimed seeking, *inter alia*, a declaration that the indemnity agreement and its transaction with Reppel were valid, indemnification for claims and judgments it paid, and deposit of cash or collateral. The district court denied Commercial Union's Motions to dismiss and for summary judgment, but granted its motion for deposit of cash or collateral pending resolution of the lawsuit. It ordered Watson and coplaintiffs to post $1,139,000 in cash or equivalent collateral pursuant to the terms of the indemnity agreement. Commercial Union has moved to dismiss appeal of the order.

The order is clearly not a final judgment, and it was not certified so as to make appeal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure possible. Nor is it a final collateral order appealable under the doctrine set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). It is not collateral because it is related to the validity of the indemnity agreement, which is at issue in the main action. Since it grants rather than denies prejudgment security, the rights of the parties are protected during litigation. *See Swift & Company Packers v. Compania Colombiana Del Caribe*, 339 U.S. 684, 689, 70 S.Ct. 861, 94 L.Ed. 1206 (1950); *see generally* C. Wright, A. Miller, and E. Cooper, 15 Federal Practice and Procedure § 3911 at 472, 491-92 (1976). The loss Watson incurs may be remedied upon appeal of the final judgment, if an erroneous decision has been made by the lower court, through award of the cost of the bond or the accrued interest. *See Drys Shipping Corp. v. Freights, Sub-Freights, Charter Hire*, 558 F.2d 1050, 1051 n.2 (2d Cir. 1977).

The appeal is therefore ordered dismissed.