SEGUROS BANVENEZ S.A. and C.V.G. Electrificacion Del Caroni C.A. (EDELCA), Plaintiffs-Appellees,

v.

S/S OLIVER DRESCHER, her engines, boilers, tackle, etc., Containership Erich Drescher K.G., Erich Drescher, Containerline Joachim Drescher, Reederei Joachim Drescher, Hansen & Tidemann, Inc., Defendants-Appellees,

v.

COMPANIA ANONIMA VENEZOLANA DE NAVEGACION, Defendant-Appellant.

No. 1117, Docket 83–7036.

United States Court of Appeals, Second Circuit.

Argued April 14, 1983.

Decided Aug. 11, 1983.

Renato C. Giallorenzi, New York City (Giallorenzi & Campbell, and Edward A. Keane, New York City, of counsel), for defendant-appellant.

Chester D. Hooper, New York City (Haight, Gardner, Poor & Havens, Charles B. Anderson and Elizabeth T. McCandless, New York City, of counsel), for defendants-appellees Containerline Joachim Drescher, K.G., for itself and as owner of the M/V Oliver Drescher.

Harold M. Kingsley, New York City, for plaintiffs-appellees.

Before WATERMAN, MANSFIELD and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Compania Anonima Venezolana De Navegacion (Venline), a Venezuelan steamship corporation, appeals from an order of the United States District Court for the Southern District of New York (Motley, C.J.) requiring it to post security for release from arrest of the ship *M/V Oliver Drescher,* which was owned by Containerline Joachim Drescher, K.G. (Drescher), a German limited partnership. On December 6, 1981, while Venline was operating the vessel under a sub-charter from KAP Shipping Corporation, to whom it had been time-chartered by Drescher, five large mobile cranes were washed overboard during a storm. The cranes were being shipped from Baltimore, Maryland to Matanzas, Venezuela. C.V.G. Electrificacion Del Caroni C.A. was the consignee and Seguros Banvenez S.A. was its insurance carrier.

This suit seeks damages of $1,300,000 for loss of the cranes. The complaint alleges a geographical deviation, based on the fact that the ship was headed for Searsport, Maine when the loss occurred, and an on-deck deviation, based on the issuance of a clean bill of lading and a dock receipt requiring under-deck stowage. Drescher and Venline have cross-claimed against each other.

The *Oliver Drescher* was arrested at a Brooklyn pier on December 28, 1982, while still under the charter party. Because of the allegations of deviation, which Drescher's insurance policy did not cover, its insurer refused to provide a bond to secure the release of the vessel. Maintaining that Venline, as charterer, ultimately would be liable for the cargo loss, Drescher requested the district court to order Venline to put up the necessary security. After a hearing, the district court ordered that Venline "post security sufficient in form and amount to allow the owners of the *M/V OLIVER DRESCHER* to post a bond for the release of said vessel from arrest." Venline posted a bond and then appealed. For reasons hereinafter set forth, the appeal is dismissed.

### Discussion

Recognizing that the district court's order is not a "final decision" for purposes of 28 U.S.C. § 1291, appellant makes a two-pronged argument in support of appealability. It contends (1) that the district court

did not have the authority under either the Admiralty Rules or the court's general equity powers to compel appellant, as charterer, to furnish security for release of the vessel, and (2) that when, as here, the power of the district court is challenged, its order becomes appealable under the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).

It is not always easy to decide whether a district court's order constitutes an abuse of conceded authority or an exercise of power which the court does not possess. *See, e.g., De Beers Consolidated Mines, Ltd. v. United States,* 325 U.S. 212, 225, 65 S.Ct. 1130, 1136, 89 L.Ed. 1566 (1945) (Douglas, J. dissenting); *U.S. v. Kane,* 646 F.2d 4, 9–10 (1st Cir.1981). When the issue involves the scope of the equity powers available to a district court sitting in admiralty, its resolution is particularly troublesome. *See, e.g., Tradax Ltd. v. M.V. Holendrecht,* 550 F.2d 1337 (2d Cir.1977); *Pino v. Protection Maritime Ins. Co.,* 599 F.2d 10, 14–16 (1st Cir.), *cert. denied,* 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979); *Techem Chemical Co. v. M/T Choyo Maru,* 416 F.Supp. 960, 970–72 (D.Md.1976); *MISR Ins. Co. v. M/V Har Sinai,* 80 F.R.D. 438, 440–41 (S.D.N.Y.1978).

■ The word "power" sometimes is used in cases such as *Bancroft Navigation Co. v. Chadade Steamship Co.,* 349 F.2d 527 (2d Cir.1965), to distinguish interlocutory orders based on questions of law from those unappealable orders which involve only the exercise of discretion. *Id.* at 529–30. *See Dayco Corp. v. Foreign Transactions Corp.,* 705 F.2d 38, 40 (2d Cir.1983). However, even an actual abuse of power does not make an interlocutory order appealable unless the order "finally determine[s] claims of rights

separable from, and collateral to, rights asserted in the action." *Cohen v. Beneficial Indus. Loan Corp., supra,* 337 U.S. at 546, 69 S.Ct. at 1225; *Drys Shipping Corp. v. Freights, Sub-Freights, Charter Hire,* 558 F.2d 1050, 1051–52 (2d Cir.1977); *International Products Corp. v. Koons,* 325 F.2d 403, 407 (2d Cir.1963).

■ The proper remedy for usurpation of power, *per se,* is by petition for mandamus. *Schlagenhauf v. Holder,* 379 U.S. 104, 110, 85 S.Ct. 234, 238, 13 L.Ed.2d 152 (1964); *IBM v. Edelstein,* 526 F.2d 37, 40 (2d Cir. 1975); *International Products Corp. v. Koons, supra,* 325 F.2d at 407; *Barcelo v. Brown,* 655 F.2d 458, 462 (1st Cir.1981); *see Financial Services, Inc. v. Ferrandina,* 474 F.2d 743, 746 n. 7 (2d Cir.1973).[1] Something more than alleged abuse of power is required to make an interlocutory order appealable. If this were not so appellate courts would be deluged by interlocutory appeals alleging abuse of power.

■ It is for lack of finality that orders denying motions to vacate attachments generally are held to be non-appealable. *Cushing v. Laird,* 107 U.S. 69, 76, 2 S.Ct. 196, 201, 27 L.Ed. 391 (1883); *Flegenheimer v. General Mills, Inc.,* 191 F.2d 237 (2d Cir. 1951); *see Swift & Co. Packers v. Compania Colombiana Del Caribe,* 339 U.S. 684, 689, 70 S.Ct. 861, 865, 94 L.Ed. 1206 (1950). Such an order is said to lack finality because, although it directs attachment of the funds, it does not direct that they be paid to the plaintiff, who may, or may not, be able to prove his claim. *See United States v. Estate of Pearce,* 498 F.2d 847, 850 (3d Cir.1974) (en banc). That is the situation that exists in the instant case, where the

---

1. In an appropriate case, we may treat an appeal from an unappealable interlocutory order as a motion for leave to file a petition for mandamus. *Poriss v. Aaacon Auto Transport, Inc.,* 685 F.2d 56, 60 (2d Cir.1982). However, we do not believe this is such a case. In the first place, it is unclear whether the district court abused its power in issuing the order herein. *See Swift & Co. Packers v. Compania Colombiana Del Caribe,* 339 U.S. 684, 689–93, 70 S.Ct. 861, 865–67, 94 L.Ed. 1206 (1950); *Will*

*v. United States,* 389 U.S. 90, 98 n. 6, 88 S.Ct. 269, 275 n. 6, 19 L.Ed.2d 305 (1967); *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 382–83, 74 S.Ct. 145, 147–48, 98 L.Ed. 106 (1953). Secondly, appellant refrained from seeking the aid of this Court until after security had been posted and the vessel released, which was for its own benefit since the vessel was still under charter to it. *See Wijsmuller BV v. Tug Benasque,* 528 F.Supp. 1081, 1082–83 (D.Del.1981).

liability of the shipowner is sure to be hotly contested.

Moreover, it is possible, indeed likely, that, upon proper application by appellant, Chief Judge Motley would modify her order so as to give Venline some sort of security to protect it in the event it is required to pay a loss attributable to Drescher. Perhaps, and there are other possibilities, this could be done by giving Venline a lien against the ship itself. We suggest that, if such an application is made, Chief Judge Motley give it serious consideration and that she also consider the advisability of an expedited trial.

Appeal dismissed.

MANSFIELD, Circuit Judge (concurring):

I concur in the court's decision on grounds slightly different from those voiced by the majority.

In my view the district court's non-final security order, even assuming the court had discretionary equitable power as a court of admiralty to direct Venline to post security, see *Vaughan v. Atkinson,* 369 U.S. 527, 530, 82 S.Ct. 997, 999, 8 L.Ed.2d 88 (1962); *Swift & Co. v. Compania Caribe,* 339 U.S. 684, 691–92, 70 S.Ct. 861, 866–67, 94 L.Ed. 1206 (1950); *Greenwich Marine, Inc. v. S.S. Alexandra,* 339 F.2d 901, 905 (2d Cir.1965), does not fit within the *Cohen* exception permitting appeal of certain types of interlocutory orders because, unlike the situation in *Cohen,* Venline cannot show that it will suffer an irreparable loss by being required first to go to final judgment. *Drys Shipping Corp. v. Freights, Sub-Freights, Charter Hire, etc.,* 558 F.2d 1050, 1051 (2d Cir.1977).

If, as seems likely, Venline is held liable to the plaintiff, Venline will not suffer any harm from the security order. If, in addition, the district court on remand directs Drescher to give Venline security that will protect it from the risk that Drescher rather than Venline will be held liable, the question of the court's power to issue the order, if not mooted by the order on remand, can be adjudicated upon appeal from the final judgment without any appreciable

risk to Venline because of the delay. This case is therefore distinguishable from an appeal from an order *vacating* a maritime attachment. Such an order, although interlocutory, is appealable under the *Cohen* doctrine for the reason that a later review after final judgment would be "an empty rite after the vessel had been released and the restoration of the attachment only theoretically possible," *Swift v. Compania Caribe, supra,* 339 U.S. at 688–89, 70 S.Ct. at 864–65. For this reason I prefer not to base my decision on the "power-discretion" distinction, which I find unsatisfactory. See *Bancroft Nav. Co. v. Chadade Steamship Co.,* 349 F.2d 527 (2d Cir.1965); *Donlon Industries, Inc. v. Forte,* 402 F.2d 935 (2d Cir.1968).