Sarah LANDISE, Appellant,

v.

Thomas MAURO, et al., Appellees.

No. 04–CV–499.

District of Columbia Court of Appeals.

Argued Jan. 16, 2007.

Decided May 31, 2007.

John F. Karl, Jr., for appellant.

M. Azhar Khan, for appellee.

Robert J. Spagnoletti, Attorney General at the time the brief was filed, Todd S. Kim, Solicitor General, Edward E. Schwab, Deputy Solicitor General, and Donna M. Murasky, Senior Assistant Attorney General, were on the brief, for the District of Columbia.

Before REID and FISHER, Associate Judges, and KING, Senior Judge.

KING, Senior Judge:

Sarah Landise appeals from an interlocutory order directing her to deposit an

additional $5,000 into the court registry pursuant to D.C.Code § 15–703(b) (2001). She contends that the trial court abused its discretion in directing her to post additional security where she had prevailed at trial on the issue of liability.[1] For the reasons set forth below, we conclude that the trial court's order is not appealable at this stage of the proceedings.

## I.

Landise, an attorney, initiated this litigation against Thomas Mauro alleging breach of a partnership agreement. The parties had been colleagues in a law firm in Washington, D.C.; however, at the time Landise filed the instant action, she was working for the federal government in Kansas. Given Landise's non-resident status, Mauro filed a motion to require Landise to post security for costs pursuant to D.C.Code § 15–703(a) (2001).[2] The motion was granted on June 18, 1999, and Landise deposited $3,139.33 into the court registry. No appeal was taken by Landise from the order directing her to post this security.

On July 24, 2000, after a remand from this court,[3] a jury found that a partnership existed between Landise and Mauro, that Mauro had breached the partnership agreement and that each partner owned a 50 percent share in the profits and losses of the partnership.[4] Thus, the jury decided the issue of liability in favor of Landise. However, the trial court did not require the jury to determine what, if any, damages Mauro should pay Landise. Instead, the trial court instructed the parties to select an auditor to conduct an accounting related to partnership assets.

At some point, a dispute arose between the parties regarding the costs of the accounting. Mauro claimed that Landise was refusing to pay her share of the costs related to copying and scanning certain documents, and Landise alleged that Mauro had disregarded an agreement that the copying be done in a particular fashion. As a result of this dispute, Mauro filed a motion to increase the security for costs pursuant to D.C.Code § 15–703(b), requesting that the trial court order Landise to pay an additional $25,000 into the court registry. In his motion, Mauro represented that "[t]he cost in this accounting process is expected to increase substantially,

---

1. In addition, Landise argues that the trial court erred in denying Landise's motion requesting entry of final judgment and that D.C.Code § 15–703 is unconstitutional as applied to her. We do not consider those arguments. In an order issued December 15, 2005, we ruled that any appeal from the order denying Landise's motion for entry of final judgment "is both untimely and improperly filed since that order is not final and appealable." Furthermore, the constitutional argument would require an assessment of the merits of the case, which, as we discuss, *infra*, we do not have jurisdiction to consider.

2. Subsection (a) provides:

 The defendant in a suit instituted by a nonresident of the District of Columbia, or by one who becomes a nonresident after the suit is commenced, upon notice served on the plaintiff or his attorney after service of

process on the defendant, may require the plaintiff to give security for costs and charges that may be adjudged against him on the final disposition of the cause. This right of the defendant does not entitle him to delay in pleading, and his pleading before the giving of the security is not a waiver of his right to require security for costs. In case of noncompliance with these requirements, within a time fixed by the court, judgment of nonsuit or dismissal shall be entered. The security required may be by an undertaking, with security, to be approved by the court, or by a deposit of money in an amount fixed by the court.

3. *See Landise v. Mauro*, 725 A.2d 445 (D.C. 1998).

4. The jury also found Mauro liable for breach of fiduciary duty and conversion.

therefore the security must be increased." In opposing the motion, Landise argued that she should not be required to post an additional bond because she "won at trial and a money judgment will be entered into [sic] her favor." In response to Mauro's motion, the trial court ordered Landise to deposit an additional $5,000 into the court registry as security for costs related to the accounting process. Landise complied with the court's order and deposited the $5,000. On May 7, 2004, she filed the instant notice of appeal.

Before us, Landise asserts that the purpose of D.C.Code § 15–703 is to protect resident defendants from frivolous lawsuits filed by out-of-state plaintiffs. She argues that the trial court abused its discretion in applying the statute to her because the trial judge should have realized that although Landise is a non-resident plaintiff, Mauro is not the type of resident defendant needing protection from D.C.Code § 15–703, as demonstrated by the jury's finding against him on the issue of liability.

On November 30, 2005, Mauro filed a motion to dismiss the appeal for lack of jurisdiction. He argued that the trial court's order directing Landise to post additional security is not an appealable order. Landise filed a motion for an extension of time to file a response; however, this court erroneously interpreted that motion as a response to Mauro's motion. On December 15, 2005, a motions division of this court made a preliminary finding that the order was appealable pursuant to *McQueen v. Lustine Realty Co.*, 547 A.2d 172, 174 (D.C.1988) (en banc), which held that a protective order in the Landlord and Tenant Branch of the Superior Court is appealable as an injunction pursuant to D.C.Code § 11–721(a)(2)(A) (1981), be-

cause protective orders have the "practical effect" of an injunction. However, on January 26, 2007, after oral argument, we directed Landise to file a response to Mauro's motion to dismiss.

 In her response, Landise acknowledges that the trial court's order of April 26, 2004, was not a final order. Nonetheless, she claims that this court has jurisdiction because of two exceptions to the usual requirement that review be of a final order.[5] She argues first that the order is appealable under the collateral order doctrine, and second that it has the practical effect of an injunction. We disagree on both claims.

## II.

 First, Landise claims that this court has jurisdiction under the collateral order doctrine set forth in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under the collateral order doctrine, an appeal of an interlocutory order is permissible where the order "(1) conclusively determine[s] a disputed question of law; (2) resolve[s] an important issue separate from the merits of the case; and (3)[is] effectively unreviewable on appeal from a final judgment." *McAteer, supra* note 5, 908 A.2d at 1169.

*Cohen* was a stockholder's derivative action against a corporation and certain of its individual directors and managers. 337 U.S. at 543, 69 S.Ct. 1221. At issue was a district court's refusal to apply a New Jersey statute that required plaintiffs to post security, including attorney's fees, before they could bring an action. *Id.* The corporate defendant's bylaws provided that the corporation might be required to

---

**5.** "An order is final for appeal purposes only if it disposes of the entire case as to all parties and all claims on the merits." *McAteer v.*

*Lauterbach*, 908 A.2d 1168, 1169 n. 1 (D.C. 2006). Here, the disputed order is not final because the underlying action is still pending.

indemnify the individual defendants if the plaintiff's claim was unsuccessful. *Id.* at 545, 69 S.Ct. 1221. Thus, to ensure its own indemnification, the corporate defendant appealed the district court's decision and argued that the plaintiff should be required to post a bond under the state statute. *Id.*

The Supreme Court held the district court's order refusing to apply the New Jersey statute was an appealable order, concluding that it "appears to fall in that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. 1221. In making its decision, the Court took into account the irreparable harm that the defendant corporation could suffer if appellate review were postponed until the final disposition. *Id.* (noting that at the point of a final judgment "the rights conferred by the statute, if it is applicable, will have been lost, probably irreparably"). Landise argues, that as in *Cohen,* the trial court's order increasing security threatens irreparable harm because it creates a requirement that money be paid as a condition of litigating. In addition, she cites our decision in *McAteer v. Lauterbach, supra,* arguing that the "important" issue requiring immediate review in this case is the construction of the terms of D.C.Code § 15–703.

We conclude that the collateral order doctrine does not apply to the type of order at issue here, which was, in effect, a discretionary decision by the trial court as opposed to a disputed question of law. In *Cohen,* the Court limited its holding by stating,

> we do not mean that every order fixing security is subject to appeal. Here it is the right to security that presents a serious and unsettled question. If the right were admitted or clear and the order involved only an exercise of discretion as to the amount of security, a matter the statute makes subject to reconsideration from time to time, appealability would present a different question.

*Id.* at 547, 69 S.Ct. 1221. Thus, the Court distinguished "serious and unsettled" legal questions from questions of the trial court's discretion.[6] *See Dameron v. Capitol House Assocs. Ltd. P'ship,* 431 A.2d 580, 586–87 (D.C.1981) ("Being a matter of discretion, [a protective] order is specifically distinguished by the Supreme Court from an appealable collateral order.... By its discretionary nature, it is not a 'separable order' entitled to immediate review under *Cohen.*)," *rev'd on unrelated grounds, McQueen,* 547 A.2d at 174.

Section 15–703 (b) of the D.C.Code places the decision as to whether security should be increased within the discretion of the trial judge. The statute provides as follows:

> A nonresident, at the commencement of his suit, may deposit with the clerk such

**6.** For instance, in *Seguros Banvenez, S.A. v. S/S Oliver Drescher,* 715 F.2d 54, 56 (2d Cir. 1983), the Second Circuit discussed, but did not decide, whether a district court's order requiring the charterer of a vessel to post security on behalf of the plaintiff in order to release the vessel was an abuse of conceded authority or an exercise of power which the court did not possess. The court held that the order was not appealable because "although [the order] directs attachment of the funds, it does not direct that they be paid to the plaintiff...." *Id.* Subsequently, in an appeal from the final judgment, the court ruled that the issuance of the security order was erroneous. *See Seguros Banvenez, S.A. v. S/S Oliver Drescher,* 761 F.2d 855, 862–64 (2d Cir.1985).

sum as the court deems sufficient as security for all costs that may accrue in the cause, which deposit may afterwards be increased on application, *in the discretion of the court.*

(Emphasis added.) Therefore, we conclude that the trial court's ruling in this case is the type of discretionary ruling that does not warrant immediate review. *See Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir.1971) ("Although orders denying applications for the posting of security are appealable when the issue is the power of the court to give the requested relief, ... where the issue concerns the abuse of the court's discretion in ruling upon the question of posting security, the likelihood of reversal is too negligible to justify the delay and expense incident to an appeal and the consequent burden on hard pressed appellate courts.") (internal citation and quotation marks omitted). It was an exercise of discretion designed to keep the case progressing to a final judgment.

■ In addition, the order in this case is not appealable under the collateral order doctrine because the third *Cohen* requirement, that an order be "unreviewable on appeal from a final judgment," is not met. The collateral order doctrine "allows appeal only of orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *Hammond v. Weekes,* 621 A.2d 838, 842 (D.C.1993) (internal quotation marks omitted), *cert. denied,* 510 U.S. 1051, 114 S.Ct. 707, 126 L.Ed.2d 673 (1994). Here, Landise is appealing an order granting, not denying, security. The Sixth Circuit has observed that "[t]he courts of appeals have uniformly held that orders *granting* [prejudgment] security are *not* immediately appealable under *Cohen,* reasoning that there is no risk of important loss if prejudgment security is granted since the interest of both parties is adequately protected." *Hitachi*

*Zosen Clearing, Inc. v. Tek–Matik, Inc.,* 846 F.2d 27, 29 (6th Cir.1988) (emphasis in original).

Here, the bond Landise posted will remain in the court registry until a final judgment is entered. At that time, if the security proves to be unnecessary, it will be returned to Landise with interest. If, however, the bond is disbursed to Mauro, Landise can appeal the judgment or the accounting process on the same grounds that she asserts here. *See Watson Constr. Co. v. Commercial Union Ins. Co.,* 587 F.2d 22 (8th Cir.1978) ("The loss [the plaintiff] incurs may be remedied upon appeal of the final judgment, if an erroneous decision has been made by the lower court, through award of the cost of the bond or the accrued interest."). Our conclusion is bolstered by the fact that the amount involved is not so significant as to prevent Landise from litigating her case, as demonstrated by the fact that she complied with the order before filing the instant appeal. *See Klein,* 436 F.2d at 339 ("There is no question here of security set so high as effectively to terminate the litigation."). Thus, the question whether the trial court abused its discretion is an issue that can await a determination with respect to damages, at which point, the issue may be moot.

### III.

■ Next, Landise claims that this court has jurisdiction because the order has the "practical effect" of an injunction, bringing the order within D.C.Code § 11–721(a)(2)(A) (2001), which gives this court jurisdiction over interlocutory orders "granting, continuing, modifying, refusing, or dissolving or refusing to dissolve or modify injunctions." We conclude that security orders pursuant to D.C.Code § 15–703(b) are not subject to interlocutory appeal as injunctions.

The test for whether an interlocutory order is immediately appealable as an injunction is set forth in *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 85, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981), and it requires a litigant requesting appeal to show: (1) that the order has the practical effect of an injunction; and (2) that the order might have "serious, perhaps irreparable consequence[s]." As demonstrated in our discussion of the third *Cohen* factor, *supra*, this is not a situation where Landise will suffer irreparable consequences. However, we need not reach the *Carson* test because this court has held that prejudgment security devices "generally have been expressly excluded from the definition of an injunction for appeal purposes and thus are subject to appeal only to the extent they fall within the *Cohen* collateral order doctrine." *McQueen*, 547 A.2d at 177 (holding that protective orders in the Landlord and Tenant Branch are distinguishable from ordinary prejudgment security devices because protective orders are not statutory creations and because a tenant who fails to pay a protective order may suffer the irreparable consequence of losing possession of the property). *Cf. Cohen v. Board of Trs. of the Univ. of Med. & Dentistry of N.J.*, 867 F.2d 1455, 1464 (3d Cir.1989) (remarking that "orders attaching security for a judgment ultimately to be rendered have been held not to fall under [28 U.S.C.A. § ] 1292(a)(1), even though such orders have a significant impact on the parties whose property is affected"); *Am. Mortgage Corp. v. First Nat'l Mortgage Co.*, 345 F.2d 527, 528 (7th Cir.1965) (holding that "[t]he distinction between attachments and injunctions has been so long recognized that we are convinced that Congress would have provided for interlocutory appeals in cases such as this had it deemed such appeals desirable"); *Bogosian v. Woloohojian Realty Corp.*, 923 F.2d 898, 901 (1st Cir.1991) (explaining that "[f]or historical reasons, court ordered 'attachments,' even where coercive and designed to protect ultimate relief, are typically considered to be 'legal,' not 'equitable,' in nature, and therefore are not 'injunctions' for [28 U.S.C.A.] § 1292(a)(1) purposes"). For these reasons we conclude that the order is not appealable as an injunction.

In sum, we conclude that an appeal does not lie from the order in question because it is not "final" and is not appealable either under the collateral order doctrine or as an injunction.

*Appeal dismissed.*

