**CHICAGO & NORTH WESTERN TRANSPORTATION CO., R.L. Wilson, Jess Paul, Dale Walrod, Darrel Achenbach, Robert Elffner, J.B. Kidder, and Charles Miles, Appellants,**

v.

**Larry ULERY, John I. Riker, Mike J. Hill, and Floyd A. Weltha, Appellees.**

**Misc. No. 86–8019.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1986.

Decided April 2, 1986.

Bennett A. Webster, Bruce E. Johnson and Paul A. Curtis of Des Moines, Iowa, for Chicago & North Western Transportation Co., et al.

Mark W. Bennett of the Iowa Civil Liberties Union in Des Moines and Thomas M. Werner of the Iowa Civil Liberties Union, Des Moines, Iowa, for Larry Ulery, et al.

Before McMILLIAN, ARNOLD, and WOLLMAN, Circuit Judges.

ARNOLD, Circuit Judge.

This case originally came before us as a petition of Chicago & North Western Transportation Company and others, defendants in the District Court, for leave to take an interlocutory appeal under 28 U.S.C. § 1292(b). This is an action under 42 U.S.C. § 1983. The District Court had denied Chicago & North Western's motion for summary judgment, one ground of which was that the defendant was protected by qualified immunity. On February 26, 1986, we denied the petition.

Now before the Court is a joint petition from both sides of the case asking us to reconsider the denial of the interlocutory appeal. This petition is denied.

■ The parties also suggest that at least the issue of qualified immunity is immediately appealable, citing *Mitchell v. Forsyth,* —— U.S. ——, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Although all parties join in urging us to accept this position, we must still examine it for ourselves, as it concerns our own subject-matter jurisdiction. Having considered the matter, we are unable to agree with the position asserted by the parties. *Mitchell* adopted a rule of immediate appealability from orders denying dismissals of complaints on the ground of qualified immunity. Such immunity, like absolute immunity, the Supreme Court reasoned, is an immunity not only from liability, but also from the obligation to stand trial. The underlying reason for the Court's conclusion was that public officials, by far the most common targets of actions under 42 U.S.C. § 1983 or directly under the Constitution, should not be subjected to the harassment of suit and trial if in fact they took no actions in violation of clearly established constitutional rights. Unless public officials have this protection, they will be afraid to fulfill their duties promptly and properly.

■ This rationale has no application in the instant case, where the defendants, appellants here, are not public officials but

private parties suable under 42 U.S.C. § 1983 only because they allegedly conspired with other persons acting under color of state law.[1] Nothing in *Mitchell* indicates that it should apply to such a case, nor have the parties cited any case extending *Mitchell* in this fashion. Because the rationale of *Mitchell* is inapplicable here, and because to extend it would erode the vitally important policies underlying the final-judgment rule, we decline to accept the position urged upon us.

We hold that the order appealed from is not final under 28 U.S.C. § 1291 as interpreted in *Mitchell*, and we therefore dismiss the appeal for want of jurisdiction.

It is so ordered.

---

**1.** All of the appellants are private, in the sense of nongovernmental, persons. If some of them were public officials, entitled to the immediate-appeal privilege created by *Mitchell*, it might make sense to allow the interlocutory appeal to proceed as to all appellants, public and private. We express no view on what the law would be in this situation.