816 F.2d 344
 55 USLW 2591
 Enrique SEGNI, Plaintiff-Appellee,
v.
COMMERCIAL OFFICE OF SPAIN, Defendant-Appellant.
J. Fred CREEK and Terracom Development Group, Inc.,
Plaintiffs-Appellees,
and
Shell Development Corporation, Intervening Plaintiff-Appellee,
v.
VILLAGE OF WESTHAVEN, et al., Defendants-Appellants.
 Nos. 87-1154, 87-1258.
 United States Court of Appeals,
Seventh Circuit.
 April 15, 1987.
As Amended on Denial of Rehearing May 26, 1987.
 
 Franklin P. Auwarter, Mayer, Brown & Platt, Chicago, Ill., for defendant-appellant.
 Michael Jay Singer, Civil Div., Appellate Staff, U.S. Dept. of Justice, Washington, D.C., Richard J. Witry, McCarthy Duffy, Neidhart & Snakard, Chicago, Ill., for plaintiff-appellee.
 Before CUMMINGS, CUDAHY, and POSNER, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 We have raised on our own initiative the question whether to dismiss these two cases, which present related questions of our appellate jurisdiction.
 
 
 2
 Creek. This is a suit charging violations of the plaintiffs' civil rights. The defendants moved to dismiss the complaint on the ground that their conduct enjoys an "absolute immunity" by virtue of the guarantee in the First Amendment of the right to petition government for redress of grievances. The district judge denied the motion and the defendants filed a notice of appeal. Although the suit in the district court is of course not yet final, they argue that the denial of a motion to dismiss on grounds of immunity can always be appealed under the collateral order doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). They rely on Smith v. McDonald, 737 F.2d 427, 428 (4th Cir.1984), aff'd, 472 U.S. 479, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985), a factually similar case in which such an appeal was allowed.
 
 
 3
 Where the right asserted by way of defense to a lawsuit is (or includes) a right not to bear the burden of the suit itself, regardless of outcome, the denial of that right, as by denying a motion to dismiss the suit, is appealable immediately by virtue of the collateral order doctrine. An appeal after judgment would come too late to protect the right. It is on the basis of this reasoning that the rejection of a double-jeopardy defense, the rejection of a defense of a public official's qualified immunity from suit, and the rejection of a witness's absolute immunity from suit, are appealable immediately. See Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); Mitchell v. Forsyth, 472 U.S. 511, 524-30, 105 S.Ct. 2806, 2814-18, 86 L.Ed.2d 411 (1985); San Filippo v. U.S. Trust Co. of New York, Inc., 737 F.2d 246, 254 (2d Cir.1984). It's quite a leap, though, to say that anytime a motion to dismiss on First Amendment grounds is denied, the defendant can appeal the denial, on the theory that the failure to dismiss the suit at the earliest opportunity is itself an infringement of the defendant's First Amendment rights. There is a hint of such reasoning in Smith, see 737 F.2d at 428, but we interpret the decision differently. The suit was for libel, and the defense was that the defendant had an "absolute immunity" from suit, based (as here) on the petition clause of the First Amendment, even if his letters, on which the suit was based, were false and malicious. The court appears to have construed the notion of "absoluteness" advanced by the defendant as incorporating a right not to be sued as well as a right not to be held liable: "Deferral [of appeal] would defeat [the defendant's] claim that he should not be put to trial, which is the initial protection of absolute privilege." Id. at 428.
 
 
 4
 The court went on to hold, and the Supreme Court agreed, that the privilege conferred by the petition clause was not absolute. See 472 U.S. at 484-85, 105 S.Ct. at 2790-91. No more is it absolute in this case. That issue having been settled, it can no longer be argued that the petition clause entitles a defendant to immediate appeal whenever a defense based on the clause is denied. This is not to say that the denial only of an absolute immunity is a collateral order. Neither Abney nor Mitchell involved an absolute immunity. But with the rejection of the idea that the protection conferred by the petition clause is absolute, no possible ground remains for thinking that a defense based on that clause is any different--so far as is relevant to the issue of appealability under the collateral order doctrine--from any other affirmative defense.
 
 
 5
 Another case that, like Smith, is similar to the present case but distinguishable from it is Commuter Transportation Systems, Inc. v. Hillsborough County Aviation Authority, 801 F.2d 1286, 1289-90 (11th Cir.1986), which holds that the denial of a defense based on the "state action" doctrine of Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), is immediately appealable as a collateral order. The court, however, was careful to point out that the doctrine had been interpreted to create an immunity from suit and not just from judgment--to spare state officials the burdens and uncertainties of the litigation itself as well as the cost of an adverse judgment. This distinction is also stressed in our decision in Freeman v. Kohl & Vick Machine Works, Inc., 673 F.2d 196 (7th Cir.1982) (per curiam), and in Chicago & North Western Transportation Co. v. Ulery, 787 F.2d 1239 (8th Cir.1986), which holds that the denial of qualified immunity to a private person charged under 42 U.S.C. Sec. 1983 with conspiring with a public official to deny the plaintiff's civil rights is not immediately appealable even though the public official could appeal the denial of his qualified immunity by virtue of Mitchell v. Forsyth. The court construed the immunity of the public official as designed to spare public officials from the burdens of suit, which might deter them from vigorous execution of their office--a consideration missing in the case of the private defendant. The defendants in our case do not argue that they have a public-official immunity entitling them to appeal under the principle of Mitchell v. Forsyth.
 
 
 6
 Words like "immunity," sometimes conjoined with "absolute," are often used interchangeably with "privilege," see, e.g., Prosser and Keeton on the Law of Torts Sec. 114, at p. 815 (5th ed. 1984), without meaning to resolve issues of appealability. Ulery makes clear, correctly in our view, that the description of a defense as an "immunity" rather than a privilege or affirmative defense (and it could be all three things, of course) does not resolve the issue whether the denial of the immunity is a collateral order. The appeal in Creek is dismissed.
 
 
 7
 However, for reasons persuasively explained by the Fifth Circuit in Williams v. Collins, 728 F.2d 721, 724-26 (5th Cir.1984), and reinforced by Mitchell, we decline to base this decision on the fact that, after the Supreme Court's decision in Smith, the defendants' appeal cannot be said to raise a "serious and unsettled" question.
 
 
 8
 Segni. This is a suit for breach of contract against an agency of the Spanish government, which filed a motion in the district court to dismiss the suit under the Foreign Sovereign Immunities Act, 28 U.S.C. Secs. 1601 et seq. The district court denied the motion on the ground that the case is within the "commercial activities" exception to the immunity conferred by the Act. The agency seeks to appeal under the collateral order doctrine. The question whether an order denying immunity under the Foreign Sovereign Immunities Act is collateral is one of first impression.
 
 
 9
 We think it is collateral. The position of the State Department, taken in hearings on the bill which became the Foreign Sovereign Immunities Act and repeated in a memorandum that the Department has filed with this court in the present case, is that "the purpose of sovereign immunity in modern international law ... is to promote the functioning of all governments by protecting a state from the burdens of defending law suits abroad which are based upon its public acts." Hearings before the Subcomm. on Administrative Law and Governmental Relations of the H. Comm. on the Judiciary, 94th Cong., 2d Sess. 27 (1976) (testimony of State Department's Legal Advisor). Similar statements were made by other witnesses, see id. at 62-63, 68, and appear in both the House and Senate reports, see H.R.Rep. No. 1487, 94th Cong., 2d Sess. 1 (1976); S.Rep. No. 1310, 94th Cong., 2d Sess. 1 (1976), U.S.Code Cong. & Admin.News 1976, p. 6604. A foreign government should not be put to the expense of defending what may be a protracted lawsuit without an opportunity to obtain an authoritative determination of its amenability to suit at the earliest possible opportunity. The considerations that argue for allowing the denial of a public official's qualified immunity to be appealed immediately apply a fortiori to the denial of a foreign government's claim of immunity. (This analysis implies, and Arango v. Guzman Travel Advisors Corp., 621 F.2d 1371, 1378 n. 8 (5th Cir.1980), holds, that if the foreign government is dismissed from the suit, the dismissal--which does not put the government to the expense of suit, but has indeed the opposite effect--is not appealable immediately as a collateral order.) Pan Eastern Exploration Co. v. Hufo Oils, 798 F.2d 837, 840-41 (5th Cir.1986), is distinguishable on a variety of grounds, including that the defendants were not governmental agencies.
 
 
 10
 The appeal in Segni will be taken and the case briefed and argued in the ordinary course.