3 F.3d 571
 UNITED STATES of America, Plaintiff-Appellee,
v.
VICTORIA-21, Mystic Transportation, Rhue Leasing, Morning
Star Trans., Island Transportation Corp., All American
Petroleum, Village Trucking, Salem Industries, Inc., V & A
Transportation, Li Trucking, Ampetrol, Inc., Keystone
Terminal, N.Y.G.D., Rossi Associates, Keystone Operating,
Bank Leumi, Oilco, Inc., doing business as Eagle Oil,
D.I.P., Esther Reisch, Abraham Reisch, Philadelphia Nat'l
Bank, Yehuda Shaked, Martin Rosenman, Twenty Trucks Owned
and/or Operated by Mystic Transportation, Defendants,
Leonard R. Rosenblatt, Ted Cohen, Phyllis Cohen, Tiger
Energy Corp., Claimants,
Vantrel Enterprises, Long Island Trucking Corp., Victoria
Transportation Corp., Claimants-Appellants.
 No. 1787, Docket 93-6083.
 United States Court of Appeals,
Second Circuit.
 Argued June 16, 1993.
Decided Aug. 23, 1993.
 
 1
 Leonard R. Rosenblatt, New York City, for claimants-appellants Vantrel Enterprises, Inc., and Long Island Trucking Corp.
 
 
 2
 Vivian Shevitz, New York City, for claimant-appellant Victoria Transp. Corp.
 
 
 3
 Stacy Caplow, Sp. Asst. U.S. Atty. (Mary Jo White, U.S. Atty. E.D. New York, Robert L. Begleiter, Deborah B. Zwany, Shari Leventhal, Asst. U.S. Attys. E.D. New York, Brooklyn, NY, of counsel), for plaintiff-appellee U.S.
 
 
 4
 Before: CARDAMONE and MAHONEY, Circuit Judges, and PARKER,* Chief District Judge.
 
 PARKER, Chief District Judge:
 
 5
 This appeal is brought by two claimants to several properties which have been seized and arrested pursuant to a warrant, and against which a complaint seeking civil forfeiture has been filed.[1] The properties are alleged to be subject to forfeiture under federal excise tax laws, and pursuant to mail and wire fraud laws. In the case below, both claimants, Long Island Trucking Corporation ("LITC") and Vantrel Enterprises Corporation ("Vantrel"), joined in a motion to vacate the arrest warrant and return their property based on a claim of insufficient nexus between the alleged criminal activity and the seized properties. On March 18, 1993, the Honorable Leonard D. Wexler, District Judge in the Eastern District of New York, issued an order denying the claimants applications for vacatur. This appeal followed.
 
 
 6
 Appeal dismissed for lack of subject matter jurisdiction.Discussion
 
 
 7
 The Court's jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1292(a)(1), or alternatively, pursuant to the Court's mandamus powers under 28 U.S.C. Sec. 1651. The questions presented are purely legal questions and are thus reviewed de novo.
 
 I. FACTUAL BACKGROUND
 
 8
 Vantrel and LITC are business entities from the New York City metropolitan area that are involved in the business of selling or purchasing motor fuel, or transporting motor fuel for purchase or sale. Vantrel is a purchaser of gasoline that purchased motor fuel from Ampetrol, a claimant in the civil forfeiture action, but not a party to this appeal. Ampetrol is a registered wholesale purchaser of gasoline[2]; Vantrel is an unregistered purchaser. LITC is a trucking company which transports motor fuel in the New York City metropolitan area.
 
 
 9
 In late November, 1992, on the basis of an ex parte seizure warrant issued by Judge Wexler, several items of property were seized from the appellants, including several but not all of LITC's vehicles[3], two bank accounts belonging to Vantrel plus cash recovered from Vantrel's business premises. The Government's application for the warrant alleged a complex "daisy chain" scheme to avoid federal excise tax liability, a scheme which allegedly involved all of the properties seized.[4] The alleged daisy chain scheme consisted of a series of sales of gasoline in which shell companies used by Ampetrol, allegedly existing solely for the purpose of creating a paper trail of intervening transactions, facilitated Ampetrol's sale of gasoline to Vantrel, an unregistered purchaser, without tax liability. These shell companies, colloquially dubbed "burn" companies, are typically registered purchasers. See United States v. Aracri, 968 F.2d 1512, 1515 (2d Cir.1992). The invoices "burn" companies issue to the next purchaser, and eventually in this case allegedly to Vantrel, fictitiously reflect that excise taxes are contained in the purchase price, giving the appearance that the taxes will be or have been paid to the IRS. However, the taxes due on the authentic sale were never reported nor paid. In the course of such daisy chain schemes, when the IRS attempts to collect from the burn company, that burn company has dissolved or disappeared. See, e.g., id.; United States v. Musacchia, 900 F.2d 493, 495-96 (2d Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2887, 115 L.Ed.2d 1052 (1991). In this case, the Government further alleged that trucks owned by LITC transported hundreds of loads of bootlegged motor fuel on behalf of Vantrel in furtherance of this daisy chain scheme.
 
 
 10
 After the seizure, LITC and Vantrel immediately moved to vacate the seizure warrant. On January 7, 1993, after a hearing on the motion, the district court denied the motion to vacate. During that hearing, the Government had offered the appellants the option of a bond in lieu of continuing the seizure. The appellants rejected that offer. In addition, it was revealed that a criminal investigation of the alleged illegal scheme was ongoing and that a grand jury had been convened in the case.[5] The next day, January 8, 1993, the Government filed a complaint for civil forfeiture of the seized items, and an in rem arrest warrant was issued.[6] The complaint virtually mirrored the language of the Declaration of I.R.S. Special Agent Fred Borakove, which supported the initial seizure warrant. LITC and Vantrel then moved to vacate the arrest warrant. The district court heard the motion on January 27, 1993, but reserved decision to allow the Government to file responsive papers.
 
 
 11
 On February 19, 1993, Victoria Transportation, as claimant of the barge Victoria-21 which had also been seized, moved to vacate the arrest of the barge and to dismiss the complaint. A hearing on both Victoria Transportation's motion and the motion filed by Vantrel and LITC was held on March 16, 1993. The district court denied both motions finding, with regard to Vantrel and LITC, a sufficient allegation of the nexus between the bank accounts, cash and trucks, and the illegal scheme alleged. An order to this effect was issued on March 18, 1993. It is this order which Vantrel and LITC now appeal.
 
 II. APPELLATE JURISDICTION
 
 12
 Before reaching the merits of the appeal, the Court must first determine whether, pursuant to 28 U.S.C. Sec. 1292(a)(1)[7] or pursuant to its mandamus powers, this Court has appellate jurisdiction over an interlocutory order denying an application to vacate an in rem arrest warrant. The parties do not dispute that this order is interlocutory in nature.
 
 A. Section 1292(a)(1)
 
 13
 Interlocutory orders are generally non-appealable unless they fulfill the requirements of section 1292(a). Appellants here urge that the order denying vacatur satisfies the requirements of section 1292(a)(1) despite the fact that on its face it does not involve injunctive relief. They rely upon recent Second Circuit jurisprudence which has carved out a special category of interlocutory orders in civil forfeiture cases. See United States v. Statewide Auto Parts, Inc., 971 F.2d 896 (2d Cir.1992). In Statewide, we held that
 
 
 14
 where a pre-trial seizure pursuant to an ex parte warrant effectively shuts down an ongoing business, an order denying vacatur of the seizure is appealable, because it has all the earmarks of an injunction, and the damage of error unreviewed before the judgment is definitive and complete has been deemed greater than the disruption caused by intermediate appeal.
 
 
 15
 Id. at 901 (citations and quotations omitted). However, as the language and tenor of the Statewide opinion make clear, it is only when a business has been "shut down" that the exception applies:
 
 
 16
 Had the government entered into any occupancy agreement with the owners and operators of Statewide, as was done in others of our pre-hearing seizure cases, the district court's order probably would not have been appealable, as the status quo would have been preserved, and the order would lack the draconian restraints of an injunction and the intrusions of a receiver.
 
 
 17
 Id. (citations omitted). Likewise, mere diminishment of business activity or capacity does not suggest the draconian restraints of an injunction in the manner contemplated by the Statewide rule. We do not doubt that Vantrel and LITC are experiencing diminished business and cash flow, but they have failed to support their position that they have been "virtually" shut down, except by rather broad, conclusory statements.
 
 
 18
 Vantrel states that it cannot post a bond because its bank accounts and cash have been seized, and that the seizures have "virtually" forced Vantrel to cease operations. Furthermore, a bank has called in a loan, and customers have refused to pay on their accounts. Absent from this picture though, are the facts which show that Vantrel has no means of obtaining cash or continuing business, or otherwise curing the mortal wound they claim the Government has inflicted. The facts of Statewide are clearly distinguishable--in that case, the Government physically seized the premises and all assets, cut off utility services and hung out a sign stating that business was closed. Id. at 899. There was no business left to save. No such drastic turn of events has been alleged here.
 
 
 19
 LITC states that because several of its trucks have been seized, it was forced to lay off employees and like Vantrel, is without funds to post a bond. However, it is unclear why, if some trucks are still available, the whole business needed to come to a halt. And again, no facts have been presented to suggest that the drastic measures taken in Statewide were undertaken here.
 
 
 20
 Finally, we think it is important to recognize that judicially created doctrines relating to statutory limits on appellate jurisdiction should be narrowly drawn. A litigant seeking to expand a narrow judicial construct on appellate jurisdiction bears the heavy burden of supporting such an expansion. Vantrel and LITC have failed to carry that burden here. From a practical perspective, to interpret the Statewide rule expansively to encompass the seizure of business bank accounts and vehicles, as opposed to actual possession of a business premises and a seizure of all assets, has the potential of expanding the jurisdiction of appellate courts over interlocutory orders in numerous forfeiture cases. That is a result we cannot countenance and certainly did not intend by our ruling in Statewide. In the face of Congress' unquestionable intent to limit appellate jurisdiction over interlocutory orders we decline to construe Statewide so broadly as to allow the exception to swallow the rule.
 
 
 21
 Accordingly, we hold that absent a compelling showing that an ex parte seizure has shut down a business, the rule we announced in Statewide will not provide a basis for appellate jurisdiction under section 1292(a)(1).
 
 B. Mandamus
 
 22
 Interlocutory orders may be reviewed through an appellate court's mandamus powers, i.e., by way of an extraordinary writ pursuant to 28 U.S.C. Sec. 1651. Such writs may not be used as a mere substitute for an appeal, but rather the power should only be exercised in "extraordinary" situations. See generally, 16 Charles A. Wright et. al., Federal Practice and Procedure Sec. 3932 (1977). In particular, this Court has stated that while some appeals dismissed for lack of jurisdiction may be treated as a petition for a writ of mandamus, "[m]andamus may not be used to address error, but is available to redress usurpations of power or clear abuses of discretion." Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1941, 118 L.Ed.2d 547 (1992). In this case, appellants apparently pursue the writ of mandamus to simply correct what they deem to be legal error; they do not claim that the lower court usurped its power or engaged in conduct constituting a clear abuse of discretion.
 
 
 23
 Furthermore, we note that appellants cite two cases involving discovery disputes and privileges in support of their argument for exercising mandamus powers. However, the exercise of mandamus powers relating to discovery disputes constitutes a unique branch of the law which is invoked only in cases where effective review on appeal from a final judgment in the case is difficult or effectively unobtainable, as would be the case, for example, where discovery of alleged privileged documents is ordered. Wright et al., supra, Sec. 3935 at 246. This case is not a discovery dispute. Moreover, appellate review of the seizure and forfeiture, should forfeiture be awarded, is available upon final judgment.
 
 
 24
 In sum then, the traditional approach of reserving mandamus power to extraordinary cases, e.g., when a district court acts outside its jurisdiction, or refuses to comply with an appellate directive, should be observed in this case. We recognize that the procedural posture of this forfeiture action is somewhat disturbing with the potential threat of an indeterminate stay of the civil proceedings during the pendency of the criminal action. However, such posture does not create such an extraordinary circumstance as would warrant the exercise of our mandamus powers.
 
 Conclusion
 
 25
 Claimants-Appellants have failed to meet their burden of establishing this Court's appellate jurisdiction, either pursuant to 28 U.S.C. Sec. 1292(a)(1) or pursuant to 28 U.S.C. Sec. 1651. This appeal is dismissed for lack of jurisdiction.
 
 
 
 *
 The Hon. Fred I. Parker, United States Chief District Judge for the District of Vermont, sitting by designation
 
 
 [1]
 A third claimant, Victoria Transportation Corp., initially joined in this appeal, seeking the return of a barge which had been seized pursuant to the arrest warrant at issue in this case. Victoria Transportation had moved to dismiss the complaint and to vacate the arrest warrant. That motion was denied. At oral argument in this Court, counsel for Victoria Transportation and the Government represented that they had entered into a stipulation to return the barge, "Victoria-21", to Victoria Transportation. The parties subsequently filed a stipulation and the Court has entered an Order of Dismissal of Victoria Transportation's appeal
 
 
 [2]
 A registered wholesale purchaser is a gasoline wholesaler who sells to other wholesalers and retail stations and has received a valid registration for tax exempt transactions from the Internal Revenue Service ("IRS") pursuant to 26 U.S.C. Sec. 4101
 
 
 [3]
 The filings on appeal were unclear as to the exact number of trucks owned by LITC and the exact number seized. At oral argument, LITC stated that six out of ten trucks were seized
 
 
 [4]
 Federal excise tax law requires a one-time payment of $.141 per gallon on all gasoline sold. 26 U.S.C. Sec. 4081. Gasoline sold by one registered wholesaler to another registered wholesaler or purchaser before it is removed from a terminal rack may be exempted from excise tax when both the seller and buyer are registered by the IRS to conduct tax free transactions. Id. Sec. 4081(a)(1)(B); 26 C.F.R. Secs. 48.4221-1, 48.4222(a)-1 (1993)
 
 
 [5]
 Just prior to oral argument in this appeal, the Government advised that a criminal indictment had indeed been handed down, charging three of the principals of Vantrel, among others in this case, with tax evasion and conspiring to defraud the United States
 
 
 [6]
 The Government has since requested a stay of the civil forfeiture action pending resolution of the criminal proceeding
 
 
 [7]
 Section 1292(a)(1) provides:
 (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
 (1) Interlocutory orders of the district courts of the United States ... or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions except where a direct review may be had in the Supreme Court; ....
 28 U.S.C.A. Sec. 1292(a)(1) (Supp.1993).