In re DONALD G. ATTEBERRY, DVM, P.A., Debtor.

DONALD G. ATTEBERRY, DVM, P.A., Plaintiff,

v.

NIGERIAN NATIONAL PETROLEUM CORPORATION, Defendant.

No. 93–450–SAC.
Bankruptcy No. 91–40357.
Adv. No. 91–7431.

United States District Court, D. Kansas.

Feb. 7, 1994.

---

Justice B. King, Fisher, Patterson, Sayler & Smith, Topeka, KS, for debtor/plaintiff.

Donald Atteberry, pro se.

Robert L. Baer, Cosgrove, Webb & Oman, Topeka, KS, Joseph D. Pizzurro, Curtis, Mallett–Prevost, Colt & Mosle, New York City, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant's motion to withdraw the reference of this adversary proceeding to the bankruptcy court. The bankruptcy court's recommendation pursuant to D.Kan.Rule 706(f) was filed November 12, 1992. With the transmittal of the motion and recommendation, the district court is ready to rule on the motion ex parte.[1] D.Kan.Rule 706(f).

As the debtor-in-possession of a Chapter 11 bankruptcy, the plaintiff, Donald G. Atteberry, DVM, P.A. ("Atteberry"), brings this adversary action against the Nigerian National Petroleum Corporation ("NNPC"). Atteberry alleges that it entered into a contract with NNPC to sell cattle embryos to NNPC and to provide related services and that NNPC breached this contract. Atteberry seeks to recover $950,000 which represents the sum it prepaid for taxes associated with its compensation under the contract.

Atteberry believes its suit resolves to a breach of contract action governed by Kansas law once the court determines that the commercial activity exception under the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1602 et seq., is applicable. Atteberry argues the FSIA issue is simple and straightforward under the facts of the case.

NNPC says it is owned by the government of Nigeria, which makes it an "agency or instrumentality of a foreign state" and thus a "foreign state" under the FSIA. 28 U.S.C. § 1603(a), (b). See Caribbean Trading v. Nigerian Nat. Petroleum, 948 F.2d 111, 112 (2nd Cir.1991). NNPC argues the applicability of the FSIA is the type of non-Code issue contemplated under the mandatory withdrawal provision of 28 U.S.C. § 157(d). Beyond FSIA, NNPC believes the court must give substantial and material consideration to a personal jurisdiction issue and to the Foreign Corrupt Practices Act of 1977 ("FCPA"), 15 U.S.C. § 78dd–1 et seq. In the alternative, NNPC argues the case should be transferred in the interest of judicial economy.

In its recommendation, the bankruptcy court construed 28 U.S.C. § 157(d) to require substantial and material consideration of both Code and non-Code law. Unable to find any significant Title 11 issues, the bankruptcy court recommended denying mandatory withdrawal of reference. The bankruptcy court, however, recommended withdrawal for cause, because the FSIA and the FCPA presented issues not appearing with any frequency in bankruptcy proceedings.

It is enough for mandatory withdrawal when the case requires substantial and material consideration of non-bankruptcy federal statutes regulating activities affecting interstate commerce. In re American Freight System, Inc., 150 Bankr. 790, 793–94 (D.Kan.1993); Franklin Sav. v. Office of Thrift Supervision, 150 Bankr. 976, 980–81

1. A motion to withdraw is not assigned to a district court judge and, therefore, is not pending in the district court until the clerk of the bankruptcy court transmits the motion and recommendation to the clerk of the district court pursuant to Rule 706(f). In this case, the clerk of the district court did not receive the motion and recommendation until November 17, 1993, over one year after the bankruptcy court's recommendation. The court apologizes to the parties for this undue delay.

(D.Kan.1993). This case involves more than the routine application of the facts to non-Code federal law. NNPC's pending motion to dismiss demonstrates that the jurisdictional issues under the FSIA are central to the case and that they do not submit to a simple resolution. Assuming the plaintiff can clear the jurisdictional hurdle, then there will be a serious issue whether the plaintiff's advances to the individuals representing themselves to be agents of NNPC were illegal payments under the FCPA. The defendant has carried its burden of demonstrating that this case qualifies for mandatory withdrawal.

IT IS THEREFORE ORDERED that the defendant's motion to withdraw reference of the bankruptcy court's adversary action No. 91-7431 is granted, that this memorandum and order shall be filed also in the bankruptcy court, and that the adversary action will proceed in the district court.