26 F.3d 280
 The BRIDGEPORT COALITION FOR FAIR REPRESENTATION; National
Association for the Advancement of Colored People, Inc.;
Greater Bridgeport Branch of the NAACP; Puerto Rican
Coalition; Connecticut Latino Redistricting Committee;
Ralph Ford; Raymond Correa; Mary McDuffie; Wilfredo
Matos; Edwin Gomes; Julian Braxton; Rose Mercado,
Respondents-Appellees,
v.
CITY OF BRIDGEPORT; Joseph Ganin, Mayor, City of
Bridgeport, in his official capacity; Lisa Parziale,
President, Bridgeport City Council, in her official
capacity; Bridgeport City Council; Fleeta Hudson, City
Clerk, City of Bridgeport, in her official capacity; Hector
Diaz, Town Clerk, City of Bridgeport, in his official
capacity; Frances Bociek, Registrar of Voters, City of
Bridgeport, in her official capacity; Lucille Bruno,
Registrar of Voters, City of Bridgeport, in her official
capacity, Petitioners-Appellants.
 Dockets 94-3040, 94-7496.
 United States Court of Appeals,
Second Circuit.
 Decided May 25, 1994.
 
 Updike, Kelly & Spellacy, P.C., Hartford, CT (John C. King, Karen Blando, Christian G. Sarantopoulos, Hartford, CT, Mark Anastasi, City Atty., City of Bridgeport, Bridgeport, CT, of counsel), for petitioners-appellants.
 CCLU Foundation, Hartford, CT (JoNel Newman, Philip D. Tegeler, of counsel), for respondents-appellees.
 Before: MAHONEY, WALKER, and SPROUSE,* Circuit Judges.
 PER CURIAM:
 
 
 1
 This case involves the redistricting of the City Council districts in the City of Bridgeport, Connecticut. On a prior appeal, we affirmed by summary order entered March 25, 1994 the substantive terms of a preliminary injunction entered October 28, 1993 in the United States District Court for the District of Connecticut, Peter C. Dorsey, Judge, which required a new districting plan "that would include: (1) two out of ten districts in which African-Americans would constitute a majority of the voting age population; (2) two districts in which Latinos would constitute a majority of the voting age population; and (3) one district in which the combination of African-Americans and Latinos would constitute a majority of the voting age population." We vacated, however, the (already expired) dates of compliance set forth in the original district court order, remanded for the district court (inter alia ) to set new compliance dates, and noted that "[a]n opinion will be issued subsequently to articulate the rationale underlying our resolution of this appeal."
 
 
 2
 On remand, the district court entered an order on April 21, 1994 that directed petitioners-appellants (collectively the "City") to "establish [ten] new City Council districts which include two voting age African-American majority minority districts, two voting age Latino majority minority districts and one voting age majority minority district in which the combination of African-American and Latino voters constitutes an effective majority of all the voting age population" (emphasis added). The City sought mandamus in this court, appealed to this court and moved for an emergency stay pending appeal, and unavailingly moved for reconsideration in the district court, contending in all instances that the requirement of "an effective majority" constitutes a change in the substantive terms of the district court's initial injunction as affirmed by this court.
 
 
 3
 Respondents-appellees respond that requiring the majority in the combined majority district to be an "effective majority" does not constitute a modification of the substantive terms of the injunction, and imposes no new legal obligations upon the City, because a "majority minority districting requirement always implicitly includes the requirement that the majority minority districts be 'effective.' " We are unpersuaded. The modification on remand inexplicably affects only one of the five districts whose composition is directed by the orders of this court and the district court. Further, the modification apparently resulted from the submission of a proposed order by respondents-appellees that incorporated the "effective majority" term without any explicit consideration of its inclusion by the district court or the parties. If, as respondents-appellees contend, the addition is meaningless, they will not be harmed by its deletion. If, on the other hand, it constitutes a substantive amendment of the injunction, it is unauthorized, especially in view of the procedural context in which it occurred. We express no opinion regarding the substantive impact, if any, of the amendment.
 
 
 4
 Mandamus " 'is available to address usurpations of power or clear abuses of discretion.' " United States v. Victoria-21, 3 F.3d 571, 575 (2d Cir.1993) (quoting Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1941, 118 L.Ed.2d 547 (1992)). Further, "[d]espite federal appellate courts' general reluctance to grant writs of mandamus, they have uniformly granted such writs in one situation--where the district court has failed to adhere to an order of the court of appeals." Citibank, N.A. v. Fullam, 580 F.2d 82, 86-87 (3d Cir.1978). This consideration is reinforced in this case by the extremely tight schedule under which the district court and the parties are laboring to (1) adopt a new City Council districting plan, (2) conduct a primary election of town committee members in the new districts, and (3) conduct a general election on November 30, 1993 to elect new City Council members following the nomination of candidates for the City Council by the newly elected town committees.
 
 
 5
 Accordingly, in docket number 94-3040, we grant the petition for mandamus and direct the district court to substitute the term "a majority" for the term "an effective majority" in its order entered April 21, 1994 in this case. Since this is the total relief sought by the City's appeal, docket number 94-7496, and its motion for an emergency stay pending appeal, we dismiss the appeal, and deny the motion, as moot. The mandate shall issue forthwith.
 
 
 
 *
 The Honorable James M. Sprouse, United States Circuit Judge for the Fourth Circuit, sitting by designation