**KARAHA BODAS COMPANY, LLC, Petitioner–Appellee,**

v.

**MINISTRY OF FINANCE OF THE REPUBLIC OF INDONESIA, Respondent–Appellant,**

**Perusahaan Pertambangan Minyak Dan Gas Bumi Negara ("Pertamina"), Respondent.**

No. 03–7705.

United States Court of Appeals, Second Circuit.

Dec. 17, 2003.

382

———

Carolyn B. Lamm, White & Case LLP (Frank Panopoulos and R. Shawn Gunnarson, on the brief), Washington, D.C., for Appellant.

Christopher F. Dugan, Paul, Hastings, Janofsky & Walker LLP (Bruce D. Ryan, James E. Berger, Quisaira Almanzar Whitney, and Lamia R. Matta, on the brief), Washington, D.C., for Appellee.

Matthew D. Slater, Cleary, Gottlieb, Steen & Hamilton (Jonathan I. Blackman and Justin S. Anand, on the brief), Washington, D.C., for Respondent.

Present: CARDAMONE, LEVAL, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Respondent appellant the Ministry of Finance of the Republic of Indonesia (the "Ministry") appeals from a May 30, 2003 memorandum and order of the United States District Court for the Southern District of New York (Griesa, J.) relating to a hearing held on various motions of the parties.

The Ministry claims that the district court's order wrongfully attached as security for a debt of another party funds belonging to the Ministry, in contravention of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1330, 1602–1611 ("FSIA"). According to the Ministry, the order provides that from May 30, 2003 forward, certain restrained funds that include funds belonging to the Ministry will serve as security for a judgment debt of respondent non-appellant Perusahaan Pertambangan Minyak Dan Gas Bumi Negara ("Pertamina"). Thus the Ministry contends that its property is denied the immunity from attachment and execution to which it is entitled under the FSIA. Further, the Ministry argues on appeal that such alleged treatment disregards the mandate of this Court in *Karaha Bodas Company, L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara* ("Pertamina"), 313 F.3d 70 (2d Cir.2002), cert. denied, —— U.S. ——, 123 S.Ct. 2256, 156 L.Ed.2d 113 (2003).

Notwithstanding the conventional principle that an order granting security is not appealable, *see Caribbean Trading & Fidelity Corp. v. Nigerian National Petroleum Corp.*, 948 F.2d 111, 114 (2d Cir. 1991), an order granting security might be appealable where the order presents an important issue of law, *see Result Shipping Co. v. Ferruzzi Trading USA Inc.*, 56

F.3d 394, 398 n. 1 (2d Cir.1995); *Banque Nordeurope S.A. v. Banker,* 970 F.2d 1129, 1130–31 (2d Cir.1992), or imposes an exceptional burden, *see Caribbean Trading & Fidelity Corp.,* 948 F.2d at 114 (justifying nonappealability of orders granting attachment on premise that attachment orders are not generally overly burdensome); *Drys Shipping Corp. v. Freights, Sub-Freights, Charter Hire,* 558 F.2d 1050, 1052 (2d Cir.1977) (same). Either of these situations could potentially be presented by an order that impinges on a legally protected immunity, such as the immunity of a foreign sovereign. *See Caribbean Trading & Fidelity Corp.,* 948 F.2d at 116 (noting importance of congressional policy underlying FSIA immunity from pretrial attachment and concluding that orders granting attachment of property of foreign sovereign are immediately appealable) (Mahoney, J., concurring); *cf. Stephens v. National Distillers & Chem. Corp.,* 69 F.3d 1226, 1229–30, 1234 (2d Cir.1996) (holding that the FSIA prevents restraints that are the functional equivalent of attachments); *S & S Mach. Co. v. Masinexportimport,* 706 F.2d 411, 418 (2d Cir.1983) (dissolving injunction that prohibited negotiation of letters of credit by a foreign sovereign).

Here, however, we find no basis upon which to assert jurisdiction over this appeal because the district court has yet to determine what amount, if any, of the restrained funds is owned by the Ministry. As a result, the district court's order has had no legal effect, nor does it determine with finality any aspect of the motions of the parties such as the amounts of the restrained funds owned by Pertamina. Rather, factual disputes remain outstanding and the district court has indicated that it will hold further hearings and receive additional briefings to make a final determination of the Retention. We therefore find that the district court's order is not appealable as a final order, as an injunction subject to interlocutory appeal under 28 U.S.C. § 1292(a)(1), or as a collateral order under *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Lacking jurisdiction over the appeal, we dismiss.

The proper course is to permit the district court to receive the additional evidence it has indicated is necessary to make a final determination of the restrained funds owned by Pertamina. We trust that the district court knows, and will be mindful of the fact, that if and when some portion of the restrained funds is determined to be owned by the Ministry, no portion of the Ministry's funds can serve as security to satisfy the debt of Pertamina. Further, we note that nothing in our prior orders in this case prevented the district court from restraining incoming funds that belong to Pertamina, up to the amount of the judgment due to appellee Karaha Bodas Company, LLC ("KBC"). Our prior orders only prohibit the district court from restraining or allowing execution against any money determined to belong to the Ministry. *See Karaha Bodas,* 313 F.3d at 93 (directing the district court "to continue the stay presently in force or to substitute one similar until such time as the parties' rights to the disputed funds are finally determined"); Order, No. 02–8014, 02–8015, 02–8016 (2d Cir. June 18, 2002). We have no doubt that the district court will act without delay to determine the amount of the restrained funds owned by Pertamina.[1]

---

1. The Rule 28(j) submission made by KBC, indicating that Pertamina intends to request its business partners to use unrestrained ac- counts for future transactions so as to prevent further funds from being restrained, raises issues appropriately addressed by the district

For the foregoing reasons, the appeal of the judgment of the district court is DISMISSED and the petition for a writ of mandamus is DENIED.

court as it moves forward expeditiously in resolving the amount of restrained funds owned by Pertamina.