09-5322-bk
In re Scheidelman et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of December, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

—————————————————————————

Khalida Scheidelman and Ronald Scheidelman,

> *Plaintiffs-Appellants*,

-v.-                                                                                      09-5322-bk

Clinton B. Henderson and Renata Henderson,

> *Defendants-Appellee*s,

James Collins,

> *Trustee.*


—————————————————————————

FOR APPELLANTS:            Khalida Scheidelman and Ronald Scheidelman, *pro se*, Oxford, New York.

FOR APPELLEES:             Peter A. Orville, Peter A. Orville, P.C., Binghamton, New York.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J*.).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Plaintiffs-Appellants Khalida Scheidelman and Ronald Scheidelman, *pro se*, appeal from the December 14, 2009 judgment of the United States District Court for the Northern District of New York (Hurd, *J*.) affirming the bankruptcy court's denial of a motion to recuse. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Pursuant to 28 U.S.C. § 158(d), this Court has jurisdiction to review "final" district court decisions stemming from a bankruptcy action. However, the "district court's own decision of an appeal from the bankruptcy court is not a final decision for purposes of appeal to the court of appeals unless the order of the bankruptcy court was final." *In re Fugazy Express, Inc*., 982 F.2d 769, 775 (2d Cir. 1992). Since the finality requirement is jurisdictional, this Court must consider the issue *sua sponte,* even if it is not raised by the parties. *In re Lomas Fin. Corp.*, 932 F.2d 147, 150 (2d Cir. 1991).

In this case, the Appellants appealed to the district court from the bankruptcy court's denial of their motion for recusal. The denial of a motion for recusal ordinarily is not a final order. *See United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 183 (2d Cir. 1991). Because the bankruptcy court's order was not final and there was not a judgment on the merits at the time of the recusal motion, this Court lacks jurisdiction to review the district court's judgment affirming

2

that order. *See In re Lomas Fin. Corp.*, 932 F.2d at 150 ("There is thus no court of appeals jurisdiction over non-final orders originating in the bankruptcy court."); *cf. Dubnoff v. Goldstein*, 385 F.2d 717, 723 (2d Cir. 1967) (finding Court lacked jurisdiction over appeal from bankruptcy court's denial of motion to recuse).

Although this Court may construe an appeal from a non-final order as a petition seeking a writ of mandamus, *see Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp*., 948 F.2d 111, 115 (2d Cir. 1991) ("We have often deemed it appropriate to treat an appeal dismissed for lack of jurisdiction as a petition for a writ of mandamus."), the Scheidelmans have not demonstrated that the lower court's refusal to recuse was a clear and indisputable abuse of discretion, *see In re Basciano*, 542 F.3d 950, 955-56 (2d Cir. 2008). They are therefore not entitled to the issuance of the writ.

Accordingly, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk